UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dana Setters, *et al*.,

    Plaintiffs,

v.

The Medical Protective Company Inc.,
*et al*.,

    Defendants.

Case No. 1:21cv422

Judge Michael R. Barrett

## ORDER & OPINION

This matter is before the Court upon Defendants' Motion for Judgment on the Pleadings (Doc. 10) and Plaintiffs' Motion for Summary Judgment (Doc. 15). These Motions have been fully briefed. (Docs. 12, 14, 17, 21).

Hundreds of former patients of Abubakar Atiq Durrani, M.D. have filed medical malpractice actions against him and his practice group, Center for Advanced Spine Technologies, Inc. ("CAST"). Plaintiff Dana Setters is one of those plaintiff-patients. Plaintiff Craig Setters is her husband. According to the Complaint, Defendants provided medical malpractice insurance coverage to Durrani and CAST. (Doc. 1, PAGEID 3).

A Hamilton County jury found Durrani and CAST liable for negligence, lack of informed consent, and loss of consortium; and awarded the Setterses $76,423 for past medical expenses, $73,483 for future medical expenses, $635,000 in noneconomic damages, and $200,000 for loss of consortium. *Setters v. Durrani*, 164 N.E.3d 1159, 1165 (Ohio Ct. App. 2020).

In their Complaint in this case, Plaintiffs claim that Defendants have not paid to Plaintiffs all sums due to them under a final judgment within the time limit set forth in Ohio

Revised Code § 3929.06(A)(2). (Doc. 1). During a telephone conference with the parties on October 13, 2021, the Court raised concerns whether jurisdiction was proper in this Court. Ohio Revised Code § 3929.06(A)(2) provides:

> If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor *may file in the court that entered the final judgment* a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.

Ohio Rev. Code § 3929.06(A)(2) (emphasis added). The judgment in the underlying malpractice action was entered in the Hamilton County Court of Common Pleas. (Doc. 1, ¶ 18). Therefore, this Court questions its jurisdiction. While the parties have failed to brief this issue—despite being asked to address it—the Court notes that the Sixth Circuit has explained that "the word 'may' within the statute indicates that a judgment creditor is merely permitted-not mandated-to file its action in the same court pronouncing judgment." *Benahmed v. Houston Cas. Co.*, 486 F. App'x 508, 512–13 (6th Cir. 2012). Accordingly, jurisdiction is not precluded by § 3929.06(A)(2). *Id*. at 513.

The Court now turns to the issue raised by the parties in both Defendants' Motion to Dismiss and Plaintiffs' Motion for Summary Judgment: whether a final judgment has been entered by the Hamilton County Court of Common Pleas.

Based on the publicly available state court record, on December 4, 2018, the jury returned a verdict in favor of Plaintiffs in the amounts described above. Durrani and CAST filed a motion for judgment notwithstanding the verdict and, in the alternative, a motion for a new trial. The trial court remitted the noneconomic damages to $500,000 and

2

entered a judgment of $849,906 against Durrani and CAST. The trial court entered its final order awarding judgment in favor of Plaintiffs on January 31, 2019. On May 31, 2019, Durrani and CAST filed an appeal. On appeal, Durrani and CAST raised the following four assignments of error:

> 1. The trial court erred by admitting evidence of Dr. Durrani's license revocations and prior lawsuits and excluding similar evidence about Dr. Wilkey, the plaintiff's expert witness.
>
> 2. The trial court erred in denying Defendants' motion for judgment notwithstanding the verdict or a new trial.
>
> 3. The trial court should have granted the application for credit under R.C. 2307.28.
>
> 4. The trial court erred by not remitting amounts billed over the amounts Setters paid.

*Setters v.* Durrani, 164 N.E.3d 1159, 1165, (Ohio Ct. App. 2020).

On December 23, 2020, the First District Court of Appeals affirmed three of these four assignments of error; but reversed the judgment on the third assignment of error and remanded the case to the trial court "for the sole purpose of recalculating damages." *Setters*, 164 N.E.3d at 1176-1177. Durrani and CAST appealed this decision to the Ohio Supreme Court on February 9, 2021. The recalculation of damages on the fourth assignment of error was not raised on appeal.

While the appeal to the Ohio Supreme Court was pending, the trial court entered judgment on remand on March 4, 2021. This entry states: "This is a final appealable order, and the clerk of courts is directed to provide the notice as required in Civ. R. 58." Defendants maintain that the trial court did not have jurisdiction to enter final judgment at this point. In addition, on April 1, 2021, Durrani filed a motion for new trial with the trial

court. Defendants argue that this motion tolls the time for appeal and would suspend the finality of any judgment entered by the trial court.

While the motion for new trial was still pending before the trial court, the Ohio Supreme Court declined to accept jurisdiction over Durrani's appeal of the First District's December 23, 2020 ruling. The Ohio Supreme Court's ruling was entered on the trial court's docket on May 11, 2021.

On July 22, 2021—while the parties were still briefing their motions in this case— the Hamilton County Court of Common Pleas vacated its March 4, 2021 judgment. The Court will quote the entire text of the order here, because this order clarifies any confusion created by Plaintiffs in the briefing of this matter:

> Defendants contend that this Court lacked jurisdiction to issue its March 4, 2021 Judgment Entry on Remand because, by the time this Court issued its March 4th judgment entry, Defendants already had "timely perfected" a notice of appeal to the Ohio Supreme Court on February 2, 2021, which hereby divested this Court of jurisdiction to enter its March 4th judgment on remand. Plaintiffs agree that this Court lacked jurisdiction to issue its March 4, 2021 Judgment Entry on Remand. Defendants have recommended that in order "[t]o help clarify the record," this Court should enter an order stating that its March 4, 2021 Judgment Entry on Remand "is vacated as void for lack of jurisdiction at that point in time." Because both parties agree that this Court lacked jurisdiction to issue its March 4, 2021 Judgment Entry on Remand and because of the need to expedite this matter, this Court orders that its March 4, 2021 Judgment Entry on Remand is VACATED as void for lack of jurisdiction at that point in time.

After the trial court vacated its order, it overruled Durrani and CAST's motion for judgment on the pleadings. Finally, on July 27, 2021, the trial court entered judgment. Plaintiffs then filed an appeal of the trial court's July 27, 2021 judgment. On August 18, 2021, Durrani and CAST filed a cross-appeal. These appeals remain pending.

While there may have been some question whether the March 4, 2021 was a final judgment when this case was filed, there is no plausible argument that there was a final

4

judgment once that entry was vacated by the trial court. Rather than admit that the trial court was without jurisdiction to enter the March 4, 2021 final judgment—as they did in the trial court—Plaintiffs continued to press the issue here. This is a waste of judicial resources. The Court finds that *Luri v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 129 N.E.3d 518 (Ohio Ct. App. 2019)—a case cited by both parties—is dispositive of the issue of whether a final judgment has been entered by the Hamilton County Court of Common Pleas. The Court will again provide a lengthy quote to make sure there is no confusion for the basis of this Court's ruling:

> Luri does not have a final judgment, however, because the July 8, 2008 trial court judgment upon which he based his R.C. 3929.06 supplemental complaint was vacated and rendered void after appeal. "It is well settled that a final judgment is one which determines the merits of the case and makes an end to it." *Stewart v. Zone Cab of Cleveland*, 8th Dist. Cuyahoga No. 79317, 2002 WL 127367, *1 (Jan. 31, 2002). Although the trial court entered a judgment on July 8, 2008 after the jury's verdict, Luri's case remained pending, and not finally determined, until all appeals had been exhausted. *Maynard v. Eaton Corp.*, 119 Ohio St.3d 443, 2008-Ohio-4542, 895 N.E.2d 145, ¶ 13, citing *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 104, 522 N.E.2d 489 (1988) ("[A]n action or suit is 'pending' from its inception until the rendition of final judgment."). Furthermore, an appeal suspends the effect of the trial court's judgment until the court of appeals enters its own final judgment. *Id*. Thus, although the July 8, 2008 judgment was a judgment that determined the issues submitted to the trial court, it was not a "final judgment" of the type described in R.C. 3929.06 because, in light of both Luri and Republic's appeals, it did not finally determine the merits of and make an end to the underlying case.
>
> In fact, the July 8, 2008 judgment was reversed, remanded, and ultimately vacated by the trial court, such that it was rendered void and of no effect. "A judgment that has been vacated, reversed, or set aside on appeal is deprived of all conclusive effect * * *. The same is true of a judgment vacated by a trial court." *United States v. Lacey*, 982 F.2d 410, 412 (10th Cir.1992). *See also Local No. 74, AFSCME v. Warren*, 174 Ohio App.3d 66, 2007-Ohio-6253, 880 N.E.2d 954, ¶ 27 (11th Dist.) ("A final judgment is conclusive as long as the judgment remains unreversed, unmodified, and unvacated.").

*Luri*, 129 N.E.3d at 522.  Similarly, in this case, this Court has been presented with a vacated judgment and a judgment which is not yet final because all appeals—including the appeal filed by Plaintiffs—have not been exhausted.  Accordingly, Plaintiffs cannot maintain an action pursuant to Ohio Revised Code § 3929.06.

Based on the foregoing, Defendants' Motion for Judgment on the Pleadings (Doc. 10) is **GRANTED**; and Plaintiffs' Motion for Summary Judgment (Doc. 15) is **DENIED**. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                 */s/ Michael R. Barrett*
                                                 Michael R. Barrett
                                                 United States District Court